UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 13-CR-0229-CVE |
| | ) |
| SAMUEL GARCIA-ESCALERA, | ) |
| a/k/a Poncho, | ) |
| a/k/a Escalera Samuel Garcia, | ) |
| a/k/a Panfilo Waumuchil Soyte, | ) |
| JOEL DELOERA-ESCALERA, | ) |
| a/k/a Roberto, | ) |
| a/k/a Joel Doloera, | ) |
| a/k/a Luis Perez-Hernandez, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Now before the Court is defendant Samuel Garcia-Escalera's Motion for Continuance (Dkt. # 115). On December 2, 2013, a grand jury returned an indictment (Dkt. # 2) charging defendants with conspiracy to possess with intent to distribute and to distribute at least 500 grams of methamphetamine, maintaining a drug-involved premises, and possession of a firearm by an alien illegally in the United States (counts one through five). On February 10, 2014, a grand jury returned a superseding indictment alleging additional criminal charges against defendants. Defendant Samuel Garcia-Escalera has been charged with possession of a firearm in furtherance of a drug trafficking crime (count six), and defendant Joel Deloera-Escalera is charged with illegally reentering the United States (count seven). On April 14, 2014, a grand jury returned a second superseding indictment charging defendant Garcia-Escalera with tampering with a witness, victim, or informant (count eight), solicitation to commit a crime of violence (count nine), and use of interstate commerce facilities in the commission of a murder-for-hire (count ten). Defendant Deloera-Escalera is not

named in any of the new criminal charges alleged in the second superseding indictment. This case is set for trial on April 21, 2014. Counsel for Garcia-Escalera states that she will need additional time to prepare a defense to the new charges in the second superseding indictment, and Garcia-Escalera has executed a speedy trial waiver (Dkt. # 115-1). The government does not oppose defendant Garcia-Escalera's motion for a continuance, nor does co-defendant Deloera-Escalera. See Minutes of April 17, 2014 pretrial conference. Deloera-Escalera has also filed a speedy trial waiver. Dkt. # 92.

Defendant Garcia-Escalera's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient

record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendant Garcia-Escalera requests a continuance of the jury trial that is currently set for April 21, 2014. Although a grand jury returned a second superseding indictment adding new charges, this does not automatically reset the speedy trial clock, and the Court will not assume that defendant Garcia-Escalera is entitled to additional trial preparation time under the Speedy Trial Act. See United States v. Rushin, 642 F.3d 1299, 1305 n.6 (10th Cir. 2011); United States v. Mora, 135 F.3d 1351, 1355 (10th Cir. 1998). While the speedy trial clock may not automatically reset, the filing of a second superseding indictment adding new charges is a significant factor supporting defendant Garcia-Escalera's request for a continuance. See United States v. Smith, 24 F.3d 1230, 1235 (10th Cir. 1994). Counsel for Garcia Escalera states that she not yet received discovery relating to the new charges, and she will require additional time to investigate and prepare a defense to the new charges. The Court finds that Garcia-Escalera will need additional time to prepare a defense to the new charges and, due to the nature of the new charges, it is likely that he will be held in more restrictive conditions of confinement that will slow the process of meeting with his attorney and reviewing discovery materials. Due to the filing of a second superseding indictment, the Court finds that it would be unreasonable to expect Garcia-Escalera's counsel to be prepared for trial by April 21, 2014, and the Court will reset the trial for June 23, 2014. In addition to the interests of

defendant Garcia-Escalera, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant Garcia-Escalera's Motion for Continuance (Dkt. # 115) is **granted**, and the jury trial set for April 21, 2014 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **June 17, 2014 at 9:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | June 17, 2014 |
| Jury Trial: | **June 23, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between April 21, 2014 and June 23, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 17th day of April, 2014.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE