# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      **Case No. 13-CR-0229-CVE** |
| | ) |
| SAMUEL GARCIA-ESCALERA, | ) |
| a/k/a Poncho, | ) |
| a/k/a Escalera Samuel Garcia, | ) |
| a/k/a Panfilo Waumuchil Soyte, | ) |
| JOEL DELOERA-ESCALERA, | ) |
| a/k/a Roberto, | ) |
| a/k/a Joel Doloera, | ) |
| a/k/a Luis Perez-Hernandez, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is defendant Samuel Garcia-Escalera's Unopposed Motion for Continuance (Dkt. # 135). On December 2, 2013, a grand jury returned an indictment (Dkt. # 2) charging defendants with conspiracy to possess with intent to distribute and to distribute at least 500 grams of methamphetamine, maintaining a drug-involved premises, and possession of a firearm by an alien illegally in the United States (counts one through five). On February 10, 2014, a grand jury returned a superseding indictment alleging additional criminal charges against defendants. Defendant Samuel Garcia-Escalera has been charged with possession of a firearm in furtherance of a drug trafficking crime (count six), and defendant Joel Deloera-Escalera is charged with illegally reentering the United States (count seven). Dkt. # 81. On April 14, 2014, a grand jury returned a second superseding indictment (Dkt. # 110) charging defendant Garcia-Escalera with tampering with a witness, victim, or informant (count eight), solicitation to commit a crime of violence (count nine), and use of interstate commerce facilities in the commission of a murder-for-hire (count ten).

Defendant Deloera-Escalera is not named in any of the new criminal charges alleged in the second superseding indictment. This case was set for trial on April 21, 2014, but counsel for Garcia-Escalera requested additional time to prepare for trial in light of the new charges contained in the second superseding indictment. The Court granted Garcia-Escalera's motion for a continuance and reset the trial for June 23, 2014. Counsel for Garcia-Escalera claims that she has not received a substantial amount of discovery from the government, including jail visitation logs, cell phone search results, and transcripts of recorded conversations, and she asks the Court to continue the trial to September 2014. The government does not oppose defendant Garcia-Escalera's motion for a continuance, nor does co-defendant Deloera-Escalera. Dkt. # 135, at 1, 3. Garcia-Escalera and Deloera-Escalera have filed speedy trial waivers. Dkt. ## 138, 139.

Defendant Garcia-Escalera's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In <u>United States v. Toombs</u>, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." <u>Id.</u> at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. <u>Id.</u> at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. <u>Id.</u> at 1273.

Defendant Garcia-Escalera requests a continuance of the jury trial that is currently set for June 23, 2014. Counsel for Garcia Escalera states that she not yet received important discovery relating to the new charges alleged in the second superseding indictment and, even if she immediately received the discovery, she would still not have sufficient time to review the discovery and prepare for trial. Dkt. # 135. Counsel also states that she has recently received a substantial amount of discovery that must be translated from Spanish to English, and this is delaying her trial preparation. The Court finds that Garcia-Escalera will need additional time to prepare for trial in light of the discovery issues raised by counsel. Due to the discovery issues identified by counsel, the Court finds that it would be unreasonable to expect Garcia-Escalera's counsel to be prepared for trial by June 23, 2014. However, the Court finds that Garcia-Escalera's request for a continuance to the September 2014 jury trial docket is excessive, and the Court finds that a continuance to the August 2014 jury trial docket will give Garcia-Escalera's counsel sufficient time to prepare for trial. In addition to the interests of defendant Garcia-Escalera, the Court has considered the public's

interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that defendant Samuel Garcia-Escalera's Unopposed Motion for Continuance (Dkt. # 135) is **granted in part** and **denied in part**: Garcia-Escalera's request for a continuance of the jury trial is granted and the trial will be reset for August 18, 2014, but his request for a continuance to the September 2014 jury trial docket is denied. The pretrial set for June 17, 2014 and the jury trial set for June 23, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **August 6, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | August 11, 2014 |
| Jury Trial: | **August 18, 2014 at 9:15 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 23 and August 18, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 12th day of June, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE